UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAY C. HICKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18CV00691 ERW |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Ray C. Hicks's under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

**I.    BACKGROUND**

On May 7, 2009, Petitioner Ray C. Hicks ("Petitioner") pled guilty to five counts of forgery. On Count I, he was sentenced to three years imprisonment. The execution of the sentence was suspended. On Counts II-V, Petitioner received a suspended imposition of sentence. He was placed on probation for five years for each count, to be served concurrently. On October 1, 2009, Petitioner's probation was revoked as to Count I and he was ordered to serve the three-year term of imprisonment on his original sentence. When released from imprisonment, Petitioner began serving the remainder of his probation for Counts II-V. On May 21, 2012, his probation was again revoked and he was sentenced to fourteen years imprisonment.[1] The execution of this sentence was suspended. Petitioner was sentenced to serve 120 days of shock time and then was placed on a new term of probation beginning in September 2012. On April 18, 2013, Petitioner's probation was again revoked on Counts II-V. Petitioner

---

[1] Petitioner's probation was revoked as to Counts II-V: Counts II and III to run concurrently with each other, Counts IV and V to run concurrently with each other, and consecutively to Counts II and III, for a total of 14 years.

1

was again sentenced to 120 days of shock time on Counts II-V and, after serving the shock time, was then to be placed back on probation. He served the 120-days of shock time and on August 16, 2013, when Petitioner was due to be placed back on probation, he continued to be confined in the penitentiary, due to a state law prohibiting a third term of probation.

Petitioner filed a state habeas claim on February 9, 2017, asserting he was induced, by the prosecutor, into waiving his revocation hearing in April 2013 under the mistaken belief he would be released on a third term of probation. On March 30, 2017, the Missouri Court of Appeals granted Petitioner's habeas relief and ordered a new revocation hearing. On April 28, 2017, a new revocation hearing was held in Wayne County and the circuit court revoked Petitioner's probation and he was ordered to serve the remainder of his sentence of imprisonment.

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct, unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme

Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

## III.  DISCUSSION

In his motion for relief, Petitioner asserts his due process rights under the Fourteenth Amendment of the United States Constitution were violated because he was not released on probation pursuant to the agreement he made with the prosecutor to waive his revocation hearing. Petitioner raised this exact claim in a petition for writ of habeas corpus before the state court.

In the proceedings before the Missouri Court of Appeals, Eastern District, the State of Missouri conceded Petitioner should be returned to Wayne County for further proceedings, because Petitioner waived his probation revocation hearing under mistaken beliefs. In granting Petitioner's writ of habeas corpus, the appellate court held:

> A review of the record shows that Petitioner was induced to admit violating the conditions of his probation based on the mistaken belief he would receive a third term of probation. His attorney told the court that the State had agreed to the 120 days and the parties all agreed that upon his successful completion of the program, he would be released. However, Petitioner could not be released on a third term of probation. See, Sstate ex rel. Weaver v. Martinez, 481 S.W.3d 127, 128 (Mo. App. E.D. 2016) Yet, he waived his probation revocation hearing because he believed he would be released on a third term of probation upon successful completion of the program. Minimum due process requirements apply to probation revocation hearings. Abel v. Wyrick, 574 S.W.2d 411, 417 (Mo.

3

banc 1978). Here, Defendant waived his right to a hearing based on an erroneous assumption. Therefore, his waiver was not voluntary. When due process is not provided, then the revocation is not proper. See, Moore v. Stamps, 507 S.W.2d 939 (Mo. App. 1974).

ECF No. 1-1, pg. 3. The case was returned to the Circuit Court of Wayne County where that court held a new revocation hearing.

Petitioner's claim must be denied because he has already been granted relief for the same claim from the Missouri Court of Appeals. Any due process violations that occurred during Petitioner's revocation hearing in April 2013 were cured when Petitioner was granted a new revocation hearing. The only relief this Court could grant on Petitioner's claim would be a new revocation hearing, which he has already received. Because Petitioner has received a new revocation hearing, he can only bring claims regarding the new hearing; he can no longer assert any claims from his April 2013 hearing. For these reasons, Petitioner's claim must be denied and dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED that** Petitioner Ray C. Hick's Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Ray C. Hick's Petition shall be **DISMISSED**, with prejudice.

So Ordered this 1st day of February, 2019.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**